IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                     :

NXP SEMICONDUCTORS USA, INC.,
a Delaware corporation,
                Plaintiff,    :        5:08-cv-00775-JW
                            :        (Pending in the USDC for the
     -against-                  Northern District of California)
                            :

LSI CORPORATION d/b/a
LSI LOGIC CORPORATION,
a Delaware Corporation, and      :
AGERE SYSTEMS, INC.,
a Delaware corporation,            :        Pursuant to Fed. R. Civ. P. 37(a)(1)
                Defendant.   :
                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM IN SUPPORT OF THE MOTION OF NXP
SEMICONDUCTORS USA, INC. TO ENFORCE SUBPOENA AND COMPEL
PRODUCTION OF DOCUMENTS FROM THIRD PARTY ALCATEL-LUCENT**

Pursuant to Federal Rules of Civil Procedure 37(a) and 45, NXP Semiconductors USA,

Inc. ("NXP") respectfully moves for an order compelling Alcatel-Lucent ("Lucent") to produce

immediately documents responsive to document request nos. 1-4 and 7 and 8 of NXP's subpoena

that was served on Lucent on July 18, 2008.[1]  Counsel for NXP understands that Lucent has

collected documents responsive to at least certain of these categories and that the documents are

ready for production to NXP.  Lucent, however, has determined not to produce the documents to

NXP until after LSI Corporation ("LSI"), which is NXP's adversary in the underlying litigation

before the United States District Court for the Northern District of California, has conducted a

review of the documents, ostensibly relating to confidentiality and/or privilege issues.  Lucent will

not commit to a date by which the documents will be produced to NXP.  It is critical for the

---

[1] *See* Declaration of Lonette K. Merriman in Support of Plaintiff NXP Semiconductors USA, Inc.'s Motion for an
Order to Enforce Third Party Subpoena for the Production of Documents against Alcatel Lucent ("Merriman Decl."),
Ex. A (Subpoena issued to Alcatel-Lucent, served July 18, 2008).

development of NXP's case in that litigation, that it have access to the documents requested from Lucent.  For this reason, NXP respectfully requests that the Court order Lucent to produce these documents immediately.

## I.        BACKGROUND

In July 1987, N.V. Philips and AT&T entered into a Patent License Agreement (hereinafter "PLA").[2]  In the PLA, Philips and AT&T granted to each other a broad license to certain intellectual property owned or controlled by the other party.  *See* PLA ¶ 1.01, PLA Definitions App.; ¶ 6.10.  In November 1995, Philips and AT&T entered into a "Letter Agreement" to modify the PLA.[3]  NXP is a successor in interest to Philips.  Lucent, which was divested from AT&T, was a successor-in-interest of AT&T in connection with the PLA and 1995 letter modification.

On February 1, 2008, NXP filed a Complaint for Declaratory Judgment against LSI Corporation in the U.S. District Court for the Northern District of California.  *See NXP Semiconductors USA, Inc. v. LSI Corp.*, No. 08-0775 (N.D. Cal. filed Feb. 1, 2008).  NXP sought, *inter alia*, a declaration that any use by NXP of certain patents is licensed under the PLA and the 1995 modification, and therefore is non-infringing.  *See* NXP Compl. ¶ 15-16.  On June 2, 2008, the district court held a Case Management Conference, at which the parties declared their desire to file summary judgment motions regarding the issue of whether NXP is licensed to practice the patents at issue.  *See id.*, (N.D. Cal. June 2, 2008) (order setting forth case schedule by agreement of NXP and complainants).[4]  The court agreed to a phased proceeding by which it would hear summary judgment arguments on the license issue before proceeding with the issues of invalidity

---

[2] *See* Merriman Decl., Ex. A (Subpoena to Alcatel-Lucent, served July 18, 2008). The PLA is attached as Exhibit 1 to the subpoena.

[3] *See* Merriman Decl., Ex. A (Subpoena to Alcatel-Lucent, served July 18, 2008). The November 1995 letter modification is attached as Exhibit 2 to the subpoena.

[4] *See* Merriman Decl., Ex. B (Order of U.S. District Court for the Northern District of California, dated June 2, 2008).

of invalidity and non-infringement.  In particular, the court set November 15, 2008, as the date by which the parties must file a joint Statement of Facts; December 15, 2008, as the date by which motions relating to NXP's license defense must be filed; and February 23, 2009, as the date for oral argument.  *Id.*  The parties in the Northern District of California action have agreed to focus narrowly their discovery efforts to obtain that discovery necessary for their respective motions relating to NXP's license defense.[5]

On July 3, 2008, NXP served a subpoena on Lucent seeking documents relating to the PLA and 1995 modification.  That subpoena, which was substantively identical to the subpoena at issue in this motion, was issued out of the Northern District of California.  Upon request of Lucent's counsel, NXP re-served the subpoena from the District of New Jersey.  It is this second subpoena that NXP seeks to enforce in this motion, although Lucent, by virtue of NXP's first subpoena, has been formally on notice of NXP's requests since July 3, 2008.[6]  NXP's subpoena seeks the following categories of documents from Lucent:

1. Documents relating to the PLA, including drafts of the agreement and documents relating to its negotiation, execution, or interpretation;

2. Communications between AT&T and any other entity relating to the PLA;

3. Documents relating to the 1995 letter modification, including drafts of the modification and documents relating to its negotiation, execution, or interpretation;

4. Communication between AT&T and any other entity relating to the 1995 letter modification;

5. Documents sufficient to identify other AT&T licensees who obtained licenses with key language similar to that used in the PLA;

---

[5] *See* Merriman Decl., Ex. C (Letter from LSI's litigation counsel to counsel for NXP, dated July 18, 2008).

[6] Indeed, Lucent has been aware of NXP's discovery needs since late June 2008, when NXP's trial counsel in the Northern District of California litigation wrote to Lucent's in-house counsel to inquire about obtaining the information sought by NXP.  *See* Merriman Decl., Ex. D (Email from NXP's counsel to counsel for Lucent, dated June 26, 2008).

6. Documents sufficient to identify other AT&T licensees who entered into an agreement similar to the 1995 letter modification;

7. Document relating to the transfer of rights by AT&T in certain listed patents, including documents showing the transfer of such rights to Lucent; and

8. Communication between AT&T on the one hand and LSI or Agere Systems, Inc. relating to the PLA, the 1995 letter agreement, or any claim of infringement against NXP or Philips.

(*See* Ex. A to attached NXP subpoena).

Counsel for Lucent and counsel for NXP have conferred on several occasions regarding the scope and effect of NXP's subpoena. In view of Lucent's objections to categories 5 and 6, NXP on August 6, 2008, agreed to put aside the parties differences relating to those categories in exchange for prompt production of documents collected by Lucent in response to NXP's other requests.[7] By email dated August 14, 2008, counsel for Lucent acknowledged that Lucent had collected and was copying certain responsive documents, but that it was not prepared to produce these documents to NXP at that time.[8] Rather, counsel for Lucent indicated that Lucent would provide the documents to LSI "to make sure they have no objection to their production."[9] NXP objected to this course of action on August 14, 2008, and requested immediate production of the documents or, at a minimum, an indication of a date certain by which such production would take place.[10] Counsel discussed Lucent's production again on August 19, 2008. NXP's counsel again requested immediate production of the collected documents or a commitment that the documents would be produced by a date certain. Lucent's counsel confirmed that responsive documents had been collected and that these documents had been copied. Lucent, however, indicated that Lucent intended to provide the documents first to LSI; that it had not yet done so, but hoped to do so by August 20; and that, because it could not control the length of time required by LSI to review the

---

[7] *See* Merriman Decl., Ex. E (Email from NXP's counsel to Lucent's counsel, dated August 6, 2008).

[8] *See* Merriman Decl., Ex. F (Email from counsel for Lucent to counsel for NXP, dated August 14, 2008).

[9] *Id.*

[10] *See* Merriman Decl., Ex. F (Email from counsel for NXP to counsel for Lucent, dated August 14, 2008).

required by LSI to review the documents, Lucent would not commit to production of these admittedly responsive documents by a date certain.[11]  On August 20, 2008, Lucent shipped the responsive documents to litigation counsel for LSI with a letter to LSI's counsel seeking LSI's consent to production of the responsive documents to NXP.[12]

## II.        RULE 37(A)(1) CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 37(a)(1), NXP hereby certifies that it has in good faith conferred with Lucent in an effort to obtain the requested discovery without intervention of the Court.

## III.       DISCUSSION

There are no complex legal issues involved in this motion.  Indeed, there are hardly any legal issues involved in this motion at all.  The only issue presented to the Court by this motion is whether Lucent must produce documents that it has collected and that it acknowledges are responsive to NXP's subpoena.  The only thing now standing between NXP and the production of these documents is Lucent's apparent unwillingness to comply promptly with the subpoena and its refusal to produce the documents without an intervening document review by LSI.  Because Lucent refuses to commit to production in a dependably prompt fashion, and because LSI – as NXP's adversary in the underlying litigation – has no interest in expediting any review of Lucent's documents, NXP has been forced to seek relief from this Court.

NXP's need for production of the collected documents is immediate and critical.  As noted above, the key issue in the present phase of the underlying litigation before the Northern District of California is whether NXP's products are licensed under the PLA and the attendant 1995 letter modification.  Pursuant to the Scheduling Order in place in the underlying case, NXP must conduct all necessary discovery relating to its license defense in time to file a statement of facts on

---

[11] *See* Merriman Decl., Ex. G (Email from counsel for NXP to counsel for Lucent, dated August 19, 2008).

[12] *See* Merriman Decl., Ex. I (Letter from counsel to Lucent to counsel for LSI, dated August 20, 2008).

facts on November 15, 2008, and a motion for summary judgment on the issue no later than December 15, 2008.[13]  Inasmuch as Lucent received from AT&T all existing documents relating to the PLA and the 1995 letter modification when Lucent was divested from AT&T,[14] Lucent is an obvious potential source of relevant documents.  Indeed, Lucent acknowledged that it has searched its records and has found a number of responsive documents.  NXP now needs to review Lucent's documents to determine, to the extent it can, (1) whether Lucent's document search and production are sufficient, and (2) whether there is need for follow-up discovery from Lucent or any other entity.  Lucent's delay in producing the documents it has already collected prevents NXP beginning such analyses, and threatens to impair significantly NXP's ability to prepare its license defense under the schedule imposed by the court in the Northern District of California.  In this way, Lucent's conduct threatens to cause NXP considerable prejudice.

Lucent offers no excuse for its delay.  As noted above, Lucent has been formally aware of NXP's discovery requests since July 3, 2008, when NXP served its first subpoena on Lucent. Lucent merely asserts that LSI may have an unspecified right to review the documents prior to their production to NXP.  Indeed, Lucent's August 20, 2008 letter to LSI's counsel (*see* Merriman Decl., Ex. I) demonstrates that Lucent still refuses to take responsibility for complying itself with NXP's subpoena.  Rather, Lucent has effectively surrendered that responsibility to LSI. Significantly, despite being served with NXP's subpoenas to Lucent, LSI has not objected, moved to quash, sought a protective order, or in any fashion expressed any reservations to NXP or any court about NXP's discovery requests to Lucent or Lucent's potential document production. Having been served with NXP's subpoena from the District of New Jersey more than a month ago, LSI has by now waived any right to object to or otherwise influence Lucent's document production.[15]

---

[13] *See* Merriman Decl., Ex. B.

[14] *See* Merriman Decl., Ex. H, at ¶ 4 (Affidavit of Bert C. Reiser, dated August 21, 2008).

[15] *See, e.g., McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 384-385 (C.D. Cal. 2002) (noting that a party objecting to subpoenaed third party discovery must move to quash or seek a protective order).

Even if LSI has confidentiality or potentially privileged interests in the documents in issue, such limited interests would not provide justification for the wholesale withholding of the documents from production.  Regarding confidentiality, the parties in the underlying litigation have submitted to the court a Stipulated Protective Order by which all parties have agreed to abide. Thus, there is no risk that any genuinely confidential material will be disclosed as a result of its production in response to NXP's subpoena.

As to privilege, the Third Circuit has held that the attorney client privilege:

> applies to any communication that satisfies the following elements: it must be "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 68 (2000). "Privileged persons" include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation. Id. § 70.

*In re Teleglobe Communs. Corp.*, 493 F.3d 345, 359 (3d Cir. 2007).  Thus, concerns regarding privilege arise only under limited circumstances, and most of the categories of documents requested by NXP do not reasonably implicate the attorney-client privilege.  The categories of documents requested by NXP include drafts and negotiation documents exchanged between AT&T and Philips, which meet none of the criteria set forth above and are not privileged under Third Circuit law.  NXP's requests also include communications between AT&T and other entities, as well as documents (such as contracts and supporting documents) evidencing the transfer of patent rights by AT&T, which likewise are not entitled to privileged treatment under Third Circuit law. Moreover, even if some documents responsive to NXP's subpoena may contain privileged material, Lucent has offered no explanation as to how such privilege could relate to LSI. Accordingly, Lucent's wholesale refusal to produce to NXP the documents Lucent has already collected is without justification.

7

## IV.      CONCLUSION

NXP's subpoena to Lucent has been outstanding for more than a month.  Indeed, it has been nearly seven weeks since Lucent was first made formally aware of NXP's discovery requests. Lucent has nonetheless not produced a single document in response to NXP's subpoena.  Instead, even acknowledging that it has collected and copied materials responsive to the subpoena, Lucent has elected to delay further production of such materials in favor of an unspecified and open ended review of the materials by LSI – NXP's adversary in the underlying litigation.  NXP's need for these materials is critical, and time for discovery in the Northern District of California litigation for which Lucent's documents are required is quickly passing.  In view of the fact that there is no dispute that Lucent has collected responsive materials, and Lucent offers no justification for any further delay in their production, NXP respectfully requests that the Court grant this motion and order Lucent to produce immediately all documents in its possession that are responsive to NXP's requests set forth in category nos. 1-4 and 7 and 8 of its subpoena.

Dated:  August 21, 2008                    Respectfully Submitted,

By: _____
              Lonette K. Merriman
              Christopher Marraro
              Bert C. Reiser
              HOWREY LLP
              1299 Pennsylvania Ave, NW
              Washington, D.C. 20004
              Telephone:  (202) 383-7000
              Facsimile:   (202) 383-6510
              MerrimanL@howrey.com

              *Attorneys for Plaintiff NXP Semiconductors USA,*
              *Inc.*