Christopher H. Marraro
Bert C. Reiser
Lonette K. Merriman
HOWREY LLP
1299 Pennsylvania Ave, NW
Washington, D.C. 20004
Telephone: (202) 383-7000
Facsimile: (202) 383-6510
*Attorneys for Plaintiff*
*NXP Semiconductors USA, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation, Plaintiff, | Civil Action No. 08-4258-JAP |
| | 5:08-cv-00775-JW (Pending in the USDC for the Northern District of California) |
| -against- | |
| LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware Corporation, and AGERE SYSTEMS, INC., a Delaware corporation, Defendant. | Motion Returnable: October 6, 2008 |
| | Document Filed Electronically |

**NXP SEMICONDUCTORS USA, INC.'S OPPOSITION TO AGERE SYSTEMS, INC.'S MOTION TO MODIFY SUBPOENA**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. ARGUMENT ........................................ 1

A. Agere Has Not Provided Information Required to Justify Its Privilege Claim ........................................ 1

B. Given Agere's Defective Privilege Log, the Court Should Conduct an *In Camera* Inspection of the Withheld Documents ........................................ 4

C. Agere Has Not Established Standing to Assert Privilege ........................................ 5

D. Agere Waived Any Potential Privilege by Failing to Assert Its Privilege in A Timely and Proper Manner ........................................ 7

III. CONCLUSION ........................................ 9

**TABLE OF AUTHORITIES**

**Cases**

*Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985) ....................... 7

*In re Cendant Corp. Sec. Litig.*, 343 F.3d 658 (3d Cir. 2003) ........................................... 2

*In re Grand Jury*, 603 F.2d 469 (3d Cir. 1979) ............................................................. 6

*In re Hendrix*, 2007 U.S. Dist. LEXIS 67317 (D.N.J. Feb. 21, 2007)............................... 1

*In re Teleglobe Communs. Corp.*, 493 F.3d 345 (3d Cir. 2007)........................................ 2

*McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381 (C.D. Cal. 2002) ................................ 8

*Millenium Holding Group, Inc. v. Sutura, Inc.*, 2007 U.S. Dist. LEXIS 2300 (D. Nev. 2007) ............................................................................................................. 8

*Minebea Co. v. Papst*, 228 F.R.D. 13 (D.D.C. 2005) ....................................................... 3

*SEC v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134 (S.D.N.Y. 2004) ......................... 2

*Thomas v. Marina Assocs.*, 202 F.R.D. 433 (E.D. Pa. 2001) ............................................ 8

*United States v. O'Neill*, 619 F.2d 222 (3d Cir. 1980)................................................. 2, 6

*United States v. Tomison*, 969 F. Supp. 587 (E.D. Cal. 1997)........................................... 8

*Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18 (9th Cir. 1981)....... 9

**Rules**

Fed. R. Civ. P. 26(b) .......................................................................................... 1

Fed. R. Civ. P. 45(c) .......................................................................................... 8

# I. INTRODUCTION

NXP Semiconductors USA, Inc. ("NXP") hereby opposes Agere Systems, Inc.'s ("Agere") Cross-Motion for Order Modifying Subpoena ("Cross-Motion"). Agere seeks relief based on claims of privilege as to documents subpoenaed from Lucent-Alcatel ("Lucent"). Yet Agere's claim fails for at least three reasons. First, assuming Agere has standing and has not waived its rights, Agere has failed to meet the legal threshold for establishing a claim of privilege because Agere's privilege log does not justify with specificity why the withheld documents deserve protection. Second, Agere has not established standing to assert the privilege because Agere has not detailed exactly how the privilege was transferred from AT&T to Lucent and then to Agere. Third, Agere has already waived any claim of privilege because it failed to file its motion to modify the subpoena before the deadline for Lucent to comply with the subpoena.

# II. ARGUMENT

## A. Agere Has Not Provided Information Required to Justify Its Privilege Claim

A party withholding subpoenaed information on the basis of privilege or protection must expressly make the claim and provide a description of the nature of the withheld documents to "enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A); *see also* Fed. R. Civ. P. 26(b)(5)(A). Agere's privilege logs are defective in that they fail to describe adequately the nature of the withheld documents and do not establish that the documents are entitled to protection from discovery as privileged. *See In re Hendrix*, 2007 U.S. Dist. LEXIS 67317 (D.N.J. Feb. 21, 2007) ("[T]he Third Circuit has rejected 'broadside invocation[s] of privilege' which fail to designate with

particularity the specific documents or file to which the claim of privilege applie[s].'") (quoting *United States v. O'Neill*, 619 F.2d 222 (3d Cir. 1980)).

Agere's privilege logs do not contain information that allows NXP to assess Agere's claim. Specifically, Agere has failed to show that each of the withheld documents is: "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *In re Teleglobe Communs. Corp.*, 493 F.3d 345, 359 (3d Cir. 2007). Alternatively, Agere has failed to show that the documents were "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" and therefore are protected by the work product doctrine. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003). For example, Document No. 2 on Agere's most recent privilege log is described as "Record of analysis of licensing agreement from attorney," but the entry also mentions "Attorney signature illegible." *See* Agere Opp'n, Ex. 10, at 1. Given that the signature is illegible, Agere cannot claim the document as privileged or protected because it is impossible to ascertain whether this "record" was a communication made between privileged persons in confidence for the purpose of obtaining legal assistance. *See, e.g., SEC v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 143 (S.D.N.Y. 2004) ("The index does not identify who prepared the spreadsheets or the attorney to whom each was sent. Thus, the index fails to identify an essential element of the attorney-client privilege, namely the existence of an attorney-client communication."). The document might, for example, be a communication between two business persons analyzing the requirements of the agreement. Such a document would not be entitled to privileged status. *See, e.g., Minebea Co. v. Papst*, 228 F.R.D. 13, 21 (D.D.C. 2005)

("Communications made by and to in-house lawyers in connection with representatives of the corporation seeking and obtaining legal advice may be protected by the attorney-client privilege just as much as communications with outside counsel. By contrast, communications made by and to the same in-house lawyer with respect to business matters, management decisions or business advice are not protected by the privilege.") (citation omitted). All of the other documents on Agere's privilege log suffer from the same lack of description, and Documents Nos. 3, 4, 5, 6, and 7 all include the notation "Attorney signature illegible." *See* Agere Opp'n, Ex. 10, at 1-3.

If the withheld documents are in fact privileged, then it is highly unusual that Agere offered to turn them over to counsel for NXP subject to NXP's stipulation that "the production, use, and testimony regarding the Withheld Documents shall not constitute a waiver of any privilege or protection, including the attorney client privilege, and does not constitute any type of subject matter waiver of any privilege or protection, including of the subject matter of the Withheld Documents." Agere Opp'n, Ex. 7, at 8. A document is either privileged or it is not. Agere's proposed stipulation strongly suggests that Agere does not consider the remaining withheld documents to be privileged.

That Agere takes an expansive view of the privilege is also demonstrated by documents formerly claimed as privileged by Agere and withheld from production to NXP by Agere's counsel. *See* Merriman Decl., Ex. A (letter from Christopher P. Godziela to Bert C. Reiser, dated Sept. 4, 2008).[1] These 20 pages of material consist almost entirely of mere transmittal letters and plainly bear no indicia of being communications seeking or providing legal advice. Nonetheless, Agere initially asserted

[1] All the documents produced by Lucent were produced subject to the protective order in the Northern District of California and therefore are not included hereto.

that the documents were privileged and instructed Lucent not to produce them to NXP. Another document eventually produced by Lucent (LUCENT 00458) is a snippet torn from an undated newspaper article without handwritten or other notations. This document, too, on its face, gives no indication of any legal advice requested or given by AT&T, Lucent, or Agere attorneys. Agere later relented in its claims of privilege as to these documents on September 4, 2008, but the fact that Agere asserted privilege to such clerical and non-legal documents must case grave suspicions on those privilege claims that remain.

**B. Given Agere's Defective Privilege Log, the Court Should Conduct an *In Camera* Inspection of the Withheld Documents**

Should there be any ambiguity about the strength of the privilege claim made by Agere, NXP respectfully requests that the Court order Lucent and Agere to make the remaining eight documents in issue available to the Court for *in camera* inspection. Although NXP is well aware of the demands on the Court's time, NXP submits that such *in camera* inspection may be the most efficient and certain method of adjudicating Agere's privilege claims. The Supreme Court has endorsed judicial *in camera* review in order to resolve disputes over allegedly privileged materials. *See United States v. Zolin*, 491 U.S. 554 (1989). With regard to when *in camera* review is appropriate, the Third Circuit has stated, "For *in camera* inspection, it would be sufficient for the district court, in its discretion, to consider only the presentation made by the party challenging the privilege." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 96 (3d Cir. 1992).

In this case, there is sufficient evidence to justify *in camera* review, given Agere's defective privilege logs and the fact that Agere has released many documents Agere initially claimed as privileged. Indeed, conducting *in camera* review is common practice

when one party challenges another's assertion of privilege. *See Koch Materials Co. v. Shore Slurry Seal, Inc.*, 208 F.R.D. 109, 120-121 (D.N.J. 2002) (agreeing to conduct *in camera* review when party challenging privilege "has no faith in the forthrightness" of the party asserting privilege and stating that "[t]he court shall then determine whether relevant and not privileged information has been withheld.").

### C. Agere Has Not Established Standing to Assert Privilege

Although Lucent initially offered general objections to NXP's subpoena, including one on the grounds of an unspecified attorney-client privilege (*see* Godziela Decl., Ex. A, at 3 (letter from Godziela to Reiser, dated July 11, 2008)), Lucent now claims *no* privilege with regard to the withheld documents. Indeed, Lucent has expressly stated that, "[w]hile the basis of that privilege and any waiver thereto may be at issue, that is a matter for others, not for Lucent. *Lucent is not asserting any privilege here.*" Lucent Opp'n, at 3 (emphasis added). Thus, the only alleged privilege now at issue is that claimed by Agere, which is a third-party in connection with the instant subpoena and is also NXP's adversary in the underlying litigation before the Northern District of California.

Even if the documents withheld from NXP could be considered to be privileged, Lucent has not established that it has standing to invoke privilege as to the documents at issue. The burden rests fully on Agere to demonstrate that it has standing in this case. *See In re Grand Jury*, 603 F.2d 469, 474 (3d Cir. 1979) ("The burden of proving that the (attorney-client) privilege applies is placed upon the party asserting the privilege.") (citation omitted).[2] Agere argues that it has the "right" to assert the attorney-client

[2] *See also United States v. O'Neill*, 619 F.2d 222, 225-26 (3d Cir. 1980) ("When a request for relevant documents or information is made, a claim of privilege should be interposed judiciously and not casually.

privilege as to documents "stored" by Lucent and alleges that after Lucent divested Agere, "Agere retained control of the attorney-client privileges that were associated with the business it controlled." Agere Opp'n, at 5-7. Agere has *not* shown, however, that Lucent was entitled to transfer the privilege to Agere. The documents at issue were created in 1987 and 1988, *before* Lucent was separated from AT&T. *See* Agere Opp'n, Ex. 10 (privilege log showing that the withheld documents date from 1987 and 1988); *see also* Merriman Decl., Ex. B, at 5 (excerpt from Lucent's 10-K form showing Lucent was incorporated in 1995). Nowhere in Agere's Opposition does Agere explain when and under what circumstances the privilege was transferred from AT&T to Lucent. Because Agere has not shown how AT&T transferred the privilege to Lucent, Agere has not established standing to claim privilege as to the withheld documents.

Moreover, Agere cannot rely on Lucent's initial claim of privilege to establish its own claim because, if the privilege has passed from Lucent to Agere, as Agere suggests, then Lucent no longer has standing to assert the privilege. Agere states that, "Lucent's objection is not limited to Lucent's privilege, but applies to any applicable protections." Agere Opp'n, at 2. This reasoning is flawed for two reasons. First, Lucent's privilege claim, which it has now abandoned, was *not* explicitly or impliedly made on behalf of Agere. *See* Godziela Decl., Ex. A, at 3 (letter from Godziela to Reiser, dated July 11, 2008) ("Alcatel Lucent objects to the document requests to the extent that they seek documents protected by privilege or work product immunity."). Second, as the party

---

Under ordinary circumstances, objection to production of documents on the ground of privilege should be made in writing. The same rationale for requiring that a party objecting to a request for production of documents under Fed. R. Civ. P. 34(b) must submit a written response specifying the objection to each category applies equally to the response to a subpoena duces tecum. This gives each party the opportunity to analyze the request and the corresponding objection, and gives the court a fuller record on which to base its ruling. It also provides some assurance that the party asserting the privilege has directed his or her attention to the scope of the claim being asserted").

asserting the privilege, *Agere* must invoke it and cannot rely on Lucent to act on Agere's behalf. *See, e.g.*, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985) ("[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well."). Agere failed to assert the privilege on its own behalf in a timely manner, thereby waiving any privilege Agere may have had.

**D. Agere Waived Any Potential Privilege by Failing to Assert Its Privilege in A Timely and Proper Manner**

Even assuming for the sake of argument that Agere could have claimed privilege in these circumstances, Agere has waived any potential privilege by sleeping on its rights. Indeed, Agere's motion to modify the subpoena is both untimely and improper. Pursuant to Fed. R. Civ. P. 45(d), a ***subpoenaed party*** may normally object and withhold subpoenaed information based on its claim of privilege. *See* Fed. R. Civ. P. 45(d)(2)(A). In contrast, however, a ***third party*** objecting on the grounds of privilege cannot simply object; a third party must move to quash or modify the subpoena if that party claims privilege in the subpoenaed materials. *See McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 384-85 (C.D. Cal. 2002) (stating that only a nonparty served with a subpoena may object to the subpoena on the grounds of privilege, but "[t]he party to whom the subpoenaed records pertain *cannot* simply object. Rather, a protective order or motion to quash the subpoena is required.") (citations omitted); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-35 (E.D. Pa. 2001) (explaining that generally a party does not have standing to quash a subpoena served on a third party, except when the party seeks to quash based on claims of privilege relating to the documents being sought) (citations

omitted).[3] Instead of seeking a protective order or filing a motion to quash or modify, when Agere realized that potentially privileged documents had been subpoenaed from Lucent, Agere improperly interfered with NXP's discovery by instructing Lucent behind the scenes to withhold those documents and advising Lucent that Agere would create a privilege log. *See* Agere Opp'n, Ex. 6 (letter from Wong to Godziela, dated Aug. 22, 2008). The duty of creating a privilege log falls on the party withholding subpoenaed information, not on a third party who otherwise objects to the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(A). It was improper for Lucent to abdicate its responsibility or to delegate it to Agere, and it was improper for Agere to interfere with the subpoena by assuming responsibility for Lucent's compliance, particularly given Agere's status as NXP's adversary in the underlying action.

With regard to the issue of timing, although Fed. R. Civ. P. 45(c)(3) does not state any express time limitation for motions to quash or modify a subpoena, other than that such motions must be "timely," any party objecting to a subpoena must generally file an objection before compliance and within 14 days of service of the subpoena. *See* Fed. R. Civ. P. 45(c)(2)-(3). Agere was aware of NXP's intention to subpoena documents from Lucent as early as July 3, 2008, when NXP served its subpoena on Lucent out of the Northern District of California. *See* Agere Opp'n, at 2. Nonetheless, Agere waited over two months before openly and formally raising the issue of privilege by moving to modify the subpoena on September 8, 2008. Even *after* Agere had supposedly

---

[3] *See also Millenium Holding Group, Inc. v. Sutura, Inc.*, 2007 U.S. Dist. LEXIS 2300 (D. Nev. 2007) (explaining that if a party to an action wants to prevent disclosure of information subpoenaed from a nonparty, the party must move for a protective order or move to quash the subpoena); *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (holding that a "party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests") (citations omitted).

"determined" that Lucent possessed privileged documents, Agere waited several more weeks before filing its Opposition and Cross Motion. *See* Agere Opp'n, at 4. By waiting to take action until after the deadline for compliance with the subpoena, Agere slept on its supposed rights and thereby waived them.

Finally, Agere has failed to carry its burden because Agere has made no attempt to show that waiver has not occurred. *See, e.g., Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) ("As with all evidentiary privileges, the burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it. One of the elements that the asserting party must prove is that it has not waived the privilege."). Instead of addressing the issue of waiver, Agere incorrectly states that its Cross Motion is the "proper mechanism for Agere to protect its interests." Agere Opp'n, at 4.

## III.   CONCLUSION

For the aforementioned reasons, NXP respectfully requests that the Court deny Agere's Cross Motion and issue an order directing Lucent and/or Agere to produce immediately all withheld documents. Alternatively, NXP requests that the Court conduct an *in camera* review of the eight documents Agere claims are privileged in order to determine whether the privilege claim holds up under closer scrutiny.

Dated: September 22, 2008         Respectfully Submitted,


                                  By:      s/ Christopher H. Marraro
                                  Christopher H. Marraro
                                  Bert C. Reiser
                                  Lonette K. Merriman
                                  HOWREY LLP
                                  1299 Pennsylvania Ave, NW
                                  Washington, D.C. 20004
                                  Telephone: (202) 383-7000
                                  Facsimile: (202) 383-6510
                                  MerrimanL@howrey.com

                                  *Attorneys for Plaintiff NXP Semiconductors USA, Inc.*